PER CURIAM.
The state appeals a final order of the trial court granting defendant a new trial following a jury verdict of guilty, and defendant cross-appeals the trial court’s denial of his motion for judgment of acquittal.
On March 1, 1984, defendant was indicted on charges of first degree murder and armed robbery. A jury trial was held December 12 through 14, 1984. The state’s case, consisting entirely of circumstantial evidence, attempted to prove the following chain of events. William Perry, the victim, was a security guard for Pensacola Patrol Services. During the early morning hours of February 3, 1984, Perry, as part of his job, was depositing a substantial amount of money at a bank. The state theorized that Perry was overpowered by defendant and Phyllis Hall and forced into his truck, disarmed, and handcuffed to the window center post on the passenger door. According to the state’s theory, defendant and Hall drove away from the bank parking lot and the victim, with his free hand, removed a .22-caliber backup pistol hidden under his clothing and fired twice at the driver, missing with both shots. The driver, said by the state to be the defendant, jumped out of the truck and returned to fire a .25-cali-ber pistol at the victim, fatally wounding him in the chest. The state contends that defendant then used the victim's .38-caliber service revolver to shoot him twice through the head at point-blank range.
At the close of the state’s case, defendant moved for judgment of acquittal and the court reserved ruling pending further study of the relevant decisions. The defense did not put on any evidence, and the jury returned a verdict of guilty to the lesser included offense of second degree murder on count 1 and the lesser included offense of grand theft on count 2. After the verdicts were received, defendant renewed his motion for judgment of acquittal and the court denied the motion.
On December 17, three days after the verdict was rendered, defendant filed another motion for judgment of acquittal. On December 19 the trial court heard argument on the motion. The defense argued that the state failed to meet its burden of proving each and every necessary element of the offenses beyond a reasonable doubt because the evidence presented was entirely circumstantial and not of sufficient quality or quantity to disprove defendant’s reasonable hypothesis of innocence. The defense argued that the state had presented *11 no competent evidence directly linking defendant to the scene of the crime, much less the shooting. The state, on the other hand, argued that the jury’s verdict should not be overturned by the court because it was supported by the evidence. After hearing argument, the court stated it was granting the motion for judgment of acquittal because it was “not satisfied the evidence proves guilt beyond every reasonable doubt.” The state then requested that the court consider defendant’s motion for judgment of acquittal as a motion for new trial and grant a new trial rather than acquittal in order to permit the state to take an appeal. The court acceded to this request and, over defendant’s objection, changed its ruling on the motion for judgment of acquittal and granted the motion for new trial. On December 28 the court entered a written order which denied defendant’s motion for judgment of acquittal and granted defendant a new trial upon the court’s own motion pursuant to rule 3.580, Florida Rules of Criminal Procedure.
After thorough consideration of the record, the panel has been unable to arrive at a majority decision. Judge Mills would affirm the trial court’s denial of judgment of acquittal, reverse the granting of a new trial, and direct the trial court to enter a judgment of guilt in accordance with the jury verdict. Judge Shivers would affirm the denial of judgment of acquittal and affirm the trial court’s granting of a new trial. Judge Zehmer would reverse the order granting a new trial, reverse the denial of judgment of acquittal, and direct the trial court to enter a judgment of acquittal in favor of defendant.
In order to achieve a majority decision for the panel, Judge Zehmer joins with Judge Shivers in affirming the trial court’s order granting a new trial and denying the judgment of acquittal.
AFFIRMED.
MILLS, SHIVERS and ZEHMER, JJ., concur.