NIMMONS, Judge.
This is an appeal from a judgment and sentence for second degree murder and grand theft. Appellant was sentenced in excess of the sentencing guidelines range. We affirm the convictions but reverse the sentences.
*1112 The evidence at trial established that, pursuant to an apparent robbery scheme, the appellant shot and killed the victim, a security guard, after the victim had made a bank deposit for a client. Other than the victim and the defendant, there were no witnesses to this shooting incident. The victim’s body was discovered inside his truck which was situated in a roadside ditch, the victim’s body being handcuffed to the window center post on the passenger side. He had been shot twice in the head and once in the chest. According to the pathologist, each one of the bullet wounds could have caused the victim’s death. The state’s key witness, Phyllis Hall, testified, among other things, that the defendant admitted to her that he had killed the victim.[1]
The only meritorious argument presented by appellant on this appeal is that the trial court erred in departing from the sentencing guidelines.
Appellant was sentenced to a life term for the murder and to a concurrent 5-year term for the grand theft, an upward departure from the 12 to 17-year guidelines range. The trial court set forth the following written reasons for departure:
1. This crime was motivated by revenge for possible informing law enforcement officials of, or to cover, other criminal activity by the Defendant.
2. The manner in which the crime was committed evidences extreme cruelty toward the victim and the murder was particularly brutal.
3. The victim suffered psychological trauma during the commission of this crime in that he was handcuffed and helpless to defend himself. He was held captive for a period of time before the murder, and the victim was killed with his own handgun.
4. Further, that the Defendant involved a juvenile in the act of later disposing of evidence in this case.
For the above reasons the Defendant has been sentenced outside of the sentencing guidelines in this case. The court finds any one of the above cited reasons to have been proved beyond a reasonable doubt and to be sufficient standing alone to exceed the sentencing guidelines.
The trial court’s first reason for departure focused on the judge’s belief that appellant’s crime was motivated by revenge. This reason is invalid on two grounds. To the extent that this reason relies upon the defendant’s “depraved mind regardless of human life,” it is invalid because such is an element of second degree murder, the offense for which appellant was convicted. See Bailey v. State, 492 So.2d 738 (Fla. 1st DCA 1986) (fact that defendant had indicated that he stabbed the victim because he was “pissed off” did not justify departure from sentencing guidelines; defendant’s motivation for committing crime held an invalid justification to the extent it was an element of the crime of attempted second degree murder of which defendant was convicted). Further, to the extent that this reason relies upon premeditation or planning on the part of the appellant, it is invalid. Premeditation is an invalid reason for departure where a defendant is convicted of second-degree murder. Bulger v. State, 509 So.2d 1269 (Fla. 1st DCA 1987).
At the sentencing hearing, the trial judge considered the second and third reasons together. This is evident from the judge’s comments at sentencing:
Secondly, as a reason I think for departing is the manner in which this crime was committed. There was extreme cruelty towards the victim. It was, I agree with the State, a very brutal murder. That is coupled with the third reason that I would offer for departure, and that is the manner in which the crime was committed would cause considerable psychological trauma to the victim in this case. He was kidnapped; he was handcuffed to his truck; he was taken down the road a ways, and he was executed. He was helplessly tied to his truck or handcuffed *1113 to his truck, and there very brutally shot and executed without any possibility of defending himself. I think the manner in which the crime was committed justifies a departure from the guidelines.
Although the cruel and brutal manner in which a murder is committed has been recognized by this court as a valid reason for departure, see Davis v. State, 489 So.2d 754 (Fla. 1st DCA 1986), such reason cannot justify departure in the instant case. This is so because the trial court’s assumptions as to the sequence of events surrounding the victim’s death are based upon speculation. Similarly, with respect to the third reason, it is speculative as to whether the victim was subjected to psychological trauma greater than that which is inherent in the crime of second degree murder. There is simply no evidence that the victim was held captive for a period of time before the murder. Likewise, there is no evidence as to when the victim was handcuffed relative to the shots being fired. We note that the appellee says that the victim was shot at “point blank range.” There is no evidence supporting such assertion. In fact, the question was not asked of either the pathologist or the firearms expert. And, of course, there were no eyewitnesses other than the victim and the defendant.
The trial court’s fourth reason, namely, that the defendant involved a juvenile in the act of disposing of evidence is not a clear and convincing reason for departure. The use of minors in one’s criminal activity has been held to be a valid reason for departure only if the trial court has made a finding that the defendant exercised some control or authority over the minor. Santana v. State, 507 So.2d 680 (Fla. 2d DCA 1987) and Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985). In the present case, the trial judge made no such finding.
We have also examined appellant’s argument that his second trial was conducted in violation of his double jeopardy rights and find it to be without merit.[2] Appellant’s argument that the trial court erred in instructing the jury on the law of aiding and abetting also lacks merit.
The judgments are affirmed but the sentences are reversed and the case remanded for resentencing. Inasmuch as all of the reasons given by the trial court for departure have been determined not clear and convincing, sentencing on remand shall be within the sentencing guidelines range. Foister v. State, 510 So.2d 371 (Fla. 1st DCA 1987); Williams v. State, 492 So.2d 1308 (Fla.1986).
SHIVERS and BARFIELD, JJ., concur.

. Phyllis Hall did not testify at the first trial. The second trial, at which Phyllis Hall did testify, resulted from the trial court's order granting a new trial, an order which was the subject of a prior appeal. See footnote 2 infra.

. Appellant was previously tried and found guilty but was granted a new trial. The order granting a new trial was affirmed by this court in State v. Freer, 485 So.2d 10 (Fla. 1st DCA 1986).