Albert Herman **FREER,**
Petitioner–Appellee,

v.

Richard L. **DUGGER,** Secretary, Department of Corrections, Robert A. Butterworth, Attorney General, State of Florida, **Respondents–Appellants.**

No. 89–4052.

United States Court of Appeals,
Eleventh Circuit.

July 9, 1991.

Gypsy Bailey, Asst. Atty. Gen., William A. Hatch, Charlie McCoy, Dept. of Legal Affairs, Tallahassee, Fla., for respondents-appellants.

Federal Public Defender, Pensacola, Fla., Carl S. McGinnes, Public Defender, 2nd Judicial Circuit, Tallahassee, Fla., for petitioner-appellee.

Before CLARK, and COX, Circuit Judges, and HENDERSON, Senior Circuit Judge.

CLARK, Circuit Judge:

### FACTS

Appellee, Albert Herman Freer, was indicted on charges of first degree murder and armed robbery in the circuit court in and for Escambia County, Florida. At the end of the first trial, the jury returned a verdict of guilty to the lesser included offenses of second degree murder and grand theft. The state's case at trial was based exclusively on circumstantial evidence. At a hearing held on defendant's motion for

judgment of acquittal, defense counsel argued that the state failed to prove its case beyond a reasonable doubt. The trial judge after hearing argument on both sides, ruled that he would set aside the verdict:

> Of course, the Court having sat through the trial, the testimony as I recall it was first that Mrs. Hall had twice driven to the bowling alley. At neither time was Albert Freer to my recollection seen in the van. Second, Mrs. Hall testified, being a co-defendant, that Mr. Freer was not with her in the van at the time she redelivered the pistol to Mr. Perry. The nurse at the scene ... testified that she did not see Mr. Freer at the scene of the crime and he was allegedly not in the van. There are some points that, like the palm print that was in the van that lead you to believe that Mr. Freer might have been in the van, but he had been in the van earlier where that palm print might have been there. Under the circumstances, the Court is going to set aside the verdict.[1]

At this time, the state responded, "If the Court is in consideration of setting aside the verdict can I ask the Court to treat it in the nature of a motion for new trial so that the State can appeal that decision?"[2] The judge agreed, stating:

> I will grant the motion for a new trial, because *I'm not satisfied the evidence proves guilt beyond every reasonable doubt* and grant a new trial on the issue—that will give the State a chance to appeal, and we'll see what the appellate court has to say.[3]

The above-quoted statements by the trial judge are the only statements that he made regarding his basis for granting the motion for a new trial. On its own motion, the judge, pursuant to Florida Rule of Criminal Procedure 3.580, granted the defendant a new trial.[4]

On appeal to the Florida First District Court of Appeal, two judges agreed to affirm the granting of a new trial.[5] On retrial, after hearing additional evidence that was not presented in the first trial, the jury returned a verdict identical to that in the first trial. Freer appealed, and the state district court of appeal affirmed the judgment without discussion of the double jeopardy argument, other than to say: "We have examined appellant's argument that his second trial was conducted in violation of his double jeopardy rights and find it to be without merit."[6]

## DISTRICT COURT

### A. Magistrate's Report and Recommendation.

On Freer's habeas corpus petition to the federal district court, the magistrate concluded that the trial court's grant of a new trial, and resubmission of the charges against Freer to the jury, did not violate petitioner's guaranteed protection against double jeopardy.[7] Reviewing the trial judge's reasons for granting the new trial, the magistrate concluded that the granting of the new trial was based on the trial court's evaluation of the weight of the circumstantial evidence, rather than on a finding of evidentiary insufficiency. The magistrate based her determination on an "independent review of the trial record" and concluded that a "rational finder of fact would be able upon the evidence admitted at trial to find the defendant guilty beyond a reasonable doubt."[8]

1. R1–24 (Vol. 5, at 644).

2. R1–24 (Vol. 5, at 645). In 1987, the Florida legislature amended Fla.Stat. § 924.07 to include subsection (1)(j), which provides that the state may appeal from "[a] ruling granting a motion for judgment of acquittal after a jury verdict."

3. R1–24 (Vol. 5, at 645) (emphasis added).

4. *See* "Order Granting New Trial," December 28, 1984, R1–24 (Vol. 5, at 649).

5. *State v. Freer*, 485 So.2d 10 (Fla. 1st DCA 1986).

6. *Freer v. State*, 514 So.2d 1111, 1113 (Fla. 1st DCA 1987).

7. R1–26–4–6.

8. R1–26–5 (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

## B. District Court Order.

The district court rejected the magistrate's report and recommendation and granted the habeas corpus petition, holding that the Double Jeopardy Clause barred Freer's retrial and subsequent conviction. The issue, as the district court stated it, was "whether the judge's stated rationale is based on the weight of the evidence, rather than ... [on] the insufficiency." [9] The court also reasoned that "an independent review of the trial record is not appropriate. The only question to decide is what rationale the trial judge used when he granted a new trial." [10]

In examining the trial judge's comments, the district court found that the trial judge's determination prior to the state's motion for a new trial was based on a sufficiency determination:

> The judge's recitation of evidentiary gaps in the state's case—that the prosecution had failed to place the defendant at the crime scene or in the crime vehicle at the relevant time—make it apparent that the judge felt that the prosecution had failed to prove its case. [11]

The trial judge's statement in ultimately concluding that he would instead grant the state's motion for a new trial—the judge said that he was not satisfied the evidence proved guilt beyond a reasonable doubt—also indicated that he was basing his ruling on the sufficiency of the evidence. [12] As to the trial judge's comment that granting the motion for a new trial would "give the State a chance to appeal," the district court concluded that the judge was attempting "to put form over substance" in an attempt "to mollify the effect of overturning the guilty verdict." [13] The district court concluded that because the trial judge had determined that the state had failed to prove guilt beyond a reasonable doubt, the state "cannot then ask for, and get, another bite at the apple." [14]

## DISCUSSION

The question presented is whether the district court erred in granting appellee's petition for writ of habeas corpus based upon the determination that appellee's second trial in state court was conducted in violation of his right not to be twice placed in jeopardy for the same offense. Regarding the standard of review, conclusions of law by the district court are not binding on appellate courts and this court is free to substitute its judgment for the district court's on matters of law. [15] Thus, the court in *Baker v. Metcalfe* [16] concluded that "[s]ince violation of the double jeopardy clause is a question of law, *United States v. Nickerson*, 211 F.2d 909, 912 (7th Cir.1954), we are not bound by the clearly erroneous standard." We note, however, that the eleventh circuit, in deciding the double jeopardy issue in *Delap v. Dugger*, [17] assumed that a clearly erroneous standard of review applied to the district court's finding that, based on its review of the record, petitioner was acquitted of felony murder at his first trial; the acquittal determination, the court reasoned, was a question of fact. In *Delap*, however, the court was not required conclusively to determine the applicable standard of review, as it reasoned that it would reach the same conclusion on the issue of double jeopardy upon an independent review of the record. [18] Similarly, here, we need not conclusively

9. R1–28–3.

10. R1–28–6 (citing *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982)).

11. R1–28–7.

12. R1–28–8 (citing *Tibbs*, 457 U.S. at 46 n. 23, 102 S.Ct. at 2220 n. 23, for the proposition that "evidence which is not sufficient to convince a fair and impartial mind of the guilt of the accused beyond a reasonable doubt" is a phrase that ordinarily would indicate insufficiency of the evidence).

13. R1–28–7.

14. R1–28–9.

15. *Horn v. C.L. Osborn Contracting Co.*, 591 F.2d 318, 320 (5th Cir.1979).

16. 633 F.2d 1198, 1201 (5th Cir.1981), *disapproved on other grounds by United States v. Singleterry*, 683 F.2d 122, 123 n. 1 (5th Cir.1982).

17. 890 F.2d 285, 312 n. 35 (11th Cir.1989).

18. *Id.*

determine the standard of review applicable in deciding whether the trial judge's comments at Freer's first trial resulted in his acquittal, as our conclusion, as discussed below, is the same whether our review is deferential or *de novo*.

## A. Trial Court Determination of Insufficiency Bars Retrial.

■ A determination by the trial judge that the evidence is legally insufficient to sustain a guilty verdict is an acquittal for purposes of the Double Jeopardy Clause.[19] If a trial court has evaluated the government's evidence and determined that it was legally insufficient to sustain a conviction, that determination of insufficiency triggers double jeopardy protections; further proceedings—appeal by the prosecution or retrial—are barred.[20] Where, however, the trial judge finds a jury's verdict contrary to the "weight" of the evidence, retrial, as occurred in this case, does not offend double jeopardy.[21] Thus, the distinction between "insufficiency" and "weight," and on what basis the trial judge made his ruling, is crucial.

In *Burks v. United States*,[22] the Supreme Court held that where an appellate reversal is based on insufficiency of the evidence at trial to sustain a guilty verdict—the Court described it as a "failure of proof at trial"—remand for retrial is inconsistent with the double jeopardy prohibition. In *Burks*, the appellate court had stated that "the government has the burden of proving sanity [beyond a reasonable doubt] once a prima facie defense has been raised."[23] The court went on to hold that

the United States had not fulfilled its burden since the prosecution's evidence with respect to Burks' mental condition, even when viewed in the light most favorable to the Government, did not "effectively rebut" petitioner's proof with respect to insanity and criminal responsibility.[24] A unanimous Supreme Court emphasized that if the trial court had done what the reviewing court said should have been done, *i.e.*, if it had determined that the evidence was insufficient to establish guilt beyond a reasonable doubt, "a judgment of acquittal would have been entered and, of course, petitioner could not be retried for the same offense."[25] The Court noted that "it should make no difference that the *reviewing* court, rather than the trial court, determined the evidence to be insufficient...."[26] Thus, as the Supreme Court held in *Tibbs v. Florida*,[27] if the court finds that "no rational factfinder could have voted to convict the defendant" on the evidence presented, a second trial is constitutionally precluded.

The Supreme Court's decision in *Hudson v. Louisiana*[28] is particularly instructive on the application of *Burks* to Freer's case and on the meaning of "insufficiency." There the trial court had granted petitioner's motion for a new trial, which under Louisiana law was his only means of challenging the sufficiency of the evidence against him. In granting the motion, the trial judge stated: "I heard the same evidence the jury did[;] I'm convinced that there was no evidence, certainly not evidence beyond a reasonable doubt, to sus-

---

19. *Burks v. United States*, 437 U.S. 1, 16–17, 98 S.Ct. 2141, 2149–50, 57 L.Ed.2d 1 (1978).

20. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 572, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642 (1977).

21. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218 (1982); *Hudson v. Louisiana*, 450 U.S. 40, 43–45 & n. 5, 101 S.Ct. 970, 972–73 & n. 5, 67 L.Ed.2d 30 (1981).

22. 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

23. *United States v. Burks*, 547 F.2d 968, 969 (6th Cir.1976).

24. *Id.* at 970.

25. 437 U.S. at 10–11, 98 S.Ct. at 2147.

26. *Id.* at 11, 98 S.Ct. at 2147 (emphasis in original).

27. 457 U.S. 31, 41, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652 (1982).

28. 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981).

tain the verdict...."[29] As to the jury's determination of guilt, the court also commented: "[H]ow they concluded that this defendant committed the act from that evidence when no weapon was produced, no proof of anyone who saw a blow struck, is beyond the Court's comprehension."[30] The Supreme Court, in holding that the defendant was retried in violation of double jeopardy protections, reasoned that the decision in *Burks* controlled, "for it is clear that petitioner moved for a new trial on the ground that the evidence was legally insufficient to support the verdict and that the trial judge granted petitioner's motion on that ground."[31] This was true even though the trial court found that *some* evidence of guilt had been presented.[32] The reasoning of *Burks*, the Court concluded, was not limited to insufficiency rulings based on a total lack of evidence.[33]

Finally, *Hudson v. Louisiana* should be contrasted with a final case, *Tibbs v. Florida*,[34] in which the Supreme Court held that a reversal based on the weight of the evidence did not bar retrial. In *Tibbs*, the Court considered statements made by the Florida Supreme Court when that court reversed the jury's guilty verdict. A plurality of the Florida Supreme Court identified six weaknesses in the State's case. These weaknesses left the plurality with "considerable doubt that Delbert Tibbs [was] the man who committed the crimes for which he [had] been convicted."[35] The plurality concluded that the "interests of justice" required "a new trial."[36] The United States Supreme Court, in concluding that the Florida court overturned Tibbs' conviction based on the weight of the evidence, stated:

> References to the "interests of justice" and the justices' own "considerable doubt" of Tibbs' guilt mark the plurality's conclusions. Those conclusions, moreover, stem from the justices' determination that Tibbs' testimony was more reliable than that of [the prosecution's witness]. This resolution of conflicting testimony in a manner contrary to the jury's verdict is a hallmark of review based on evidentiary weight, not evidentiary sufficiency.[37]

Thus, the appellate court sat as a "thirteenth juror,"[38] and the reversal did not rest on the premise that an acquittal was the only proper verdict the jury could have reached. Just as a deadlocked jury "does not result in acquittal barring retrial under the Double Jeopardy Clause,"[39] the appellate court's or trial judge's disagreement with the jury's weighing of the evidence also does not require the special deference accorded verdicts of acquittal.

B. Review of District Court's Determination that Trial Court's Ruling was an Acquittal Based on Insufficiency.

■ In determining whether the trial judge's ruling was an acquittal based on insufficiency of the evidence, as the district court held, this Court must focus on the substance of the ruling, not its form.[40] The court must consider whether the ruling in defendant's favor was actually an "acquittal" even though the trial court characterized it otherwise.[41] If the trial court "evaluated the Government's evidence and determined that it was legally insufficient

---

**29.** *Id.* at 41, 101 S.Ct. at 971.

**30.** *Id.* at 43, 101 S.Ct. at 972.

**31.** *Id.*

**32.** *Id.*

**33.** *Id.*

**34.** 457 U.S. 48, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

**35.** *Tibbs v. State*, 337 So.2d 788, 790 (1976).

**36.** *Id.*

**37.** 457 U.S. at 46, 102 S.Ct. at 2220–21.

**38.** *Id.* at 42, 102 S.Ct. at 2218.

**39.** *Id.*

**40.** *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977) ("what constitutes an 'acquittal' is not to be controlled by the form of the judge's action").

**41.** *See United States v. Wilson*, 420 U.S. 332, 336, 95 S.Ct. 1013, 1018, 43 L.Ed.2d 232 (1975).

to sustain a conviction," double jeopardy protections are triggered.[42] The question, then, is whether, the substance of the court's judgment was an acquittal, even though, in form, the court granted a new trial.[43]

■ 1. *Substance of Trial Judge's Statements and His Evidentiary Determination.* The state argues that the district court engaged in an incomplete examination of the proceedings on motion for judgment of acquittal in concluding that the trial court's comments constituted an acquittal based on a finding of insufficient evidence. It argues that, in evaluating the state's evidence, the judge was acting as a "thirteenth juror," assigning a different *weight* to the circumstantial evidence than did the jury.[44] Appellant seeks to distinguish the trial judge's statement that he was "not satisfied the evidence proves guilt beyond every reasonable doubt" from the trial judge's statement in *Hudson v. Louisiana.* There, the trial court made the single statement, "I heard the same evidence the jury did [and] I'm convinced that there was no evidence, certainly not evidence beyond a reasonable doubt...."[45] In this case, on the other hand, appellants argue that because the trial judge made contradictory statements, his "beyond a reasonable doubt" language should not be interpreted, as it otherwise would be, as acquittal language. Appellant asserts that the trial judge, in evaluating the evidence regarding Freer's involvement in the commission of the crime, was simply "reweighing" the evidence as the court did in *Tibbs.*[46] Thus, the government argues, the district court read the trial judge's language "out of context" to infer insufficiency.

Contrary to the state's assertions, we find that the context of the trial judge's ruling supports the district court's determination that the trial judge found the evidence to be insufficient to support the jury's guilty verdict. The trial judge's statements were made while the parties argued on a motion for acquittal pursuant to Fla.R.Crim.P. 3.380(c). Such a motion must be granted if the court is of "the opinion that the *evidence is insufficient* to warrant a conviction."[47] Defense counsel argued that the state had not proved its case beyond a reasonable doubt. The judge evaluated the state's evidence and concluded that it would set aside the verdict. The defense moved for a judgment of acquittal on the ground that the evidence was insufficient to establish guilt, and the court agreed to set aside the verdict on that basis.[48] Moreover, unlike the determination of the Florida appellate court in *Tibbs*—that a review of the evidence left "considerable doubt" that the defendant committed the crime—the trial judge, here, granted a new trial because he was "not satisfied that the evidence established guilt beyond every reasonable doubt." The case is similar to and controlled by *Hudson v. Louisiana,* in which the trial court's grant of a new trial on the basis that there "certainly [was] not evidence beyond a reasonable doubt" violated double jeopardy.[49]

The nature of the trial court's evaluation of the evidence on Freer's motion for judgment of acquittal also is significant, particularly in light of the Florida District Court of Appeal's reasoning in *Miles v. State:*

The law is clear that, where fingerprint evidence is relied upon to establish

---

**42.** *Martin Linen Supply Co.,* 430 U.S. at 572, 97 S.Ct. at 1355.

**43.** We note, also, that the subsequently filed written order of the court granting the defendant a new trial was not based on 3.600(a)(2), requiring the court to grant a new trial when the verdict is contrary to "law or the weight of the evidence," but on 3.580, which simply permits the court to grant a new trial.

**44.** Brief for Appellant, at 13–14.

**45.** 450 U.S. at 41, 101 S.Ct. at 971.

**46.** *See Tibbs v. Florida,* 457 U.S. at 46–47, 102 S.Ct. at 2220–21.

**47.** Fla.R.Crim.P. 3.380(a) (emphasis added).

**48.** *See Hudson,* 450 U.S. at 43, 101 S.Ct. at 972 ("for it is clear that petitioner moved for a new trial on the ground that the evidence was legally insufficient to support the verdict and that the trial judge granted petitioner's motion on that ground").

**49.** *Id.* at 41, 101 S.Ct. at 971.

that the defendant committed the crime, the circumstances must be such that the print could have been made only at the time the crime was committed.... "Where the sole evidence linking a defendant to the crime is fingerprints found in a place or on a thing accessible to the general public *and* there is not other evidence to show that the prints were made at the time of the crime, ... courts must conclude that a defendant is entitled to a judgment of acquittal." [50]

The trial court, in the instant case, emphasized that the evidence did not conclusively establish that Mr. Freer was in the van at the scene of the crime when the crime was committed. The court reasoned that Mr. Freer "might have been in the van, but he had been in the van earlier." He reasoned that Mr. Freer's palm print could have been made when he was in the van prior to the time of the shooting. The trial court's emphasis is on the government's inability to prove the identity of the offender, clearly an element of the murder and theft offenses charged.

The judge's evidentiary determination constituted a ruling that the state had failed to proved the requisite element of identity. As the district court concluded, and contrary to the state's assertions, the trial court's remarks concerning identity and the defendant's palm print being made at a time other than during the commission of the crime support a finding of "insufficiency," rather than "weight." His conclusion that he was not satisfied guilt beyond a reasonable doubt had been established is consistent with his evaluation of the evidence.

■ Appellant in its brief, nevertheless, contends that an independent review of the trial record is "eminently appropriate" in this case, and, in fact, is required to discern the trial court's actual rationale. In support of this argument, it cites this court's decision in *Delap v. Dugger*.[51] There, the question was whether the defendant was acquitted of felony murder at his first trial for purposes of determining whether the state could use his alleged conviction as an aggravating circumstance in his second trial. Delap claimed that when the jury at his first trial found him guilty of first degree murder, they implicitly acquitted him of felony murder.[52] Thus, Delap argued that it was error for the sentencing judge at his second trial to instruct the jury on felony murder and to find a felony murder aggravating factor. In deciding whether Delap was acquitted of felony murder at his first trial, this court noted that "[d]etermining whether Delap was in fact acquitted of felony murder at his first trial requires more detective work than usual, because the records of Delap's first trial are woefully incomplete."[53] In fact, the determination required "more detective work than usual" because significant parts of the record had been "irretrievably lost for some unknown reason."[54]

In relying for support on this court's decision in *Delap*, appellant fails to recognize that the court reviewed the records of Delap's first trial only to determine whether the trial judge did, in fact, conclude that the evidence at trial was insufficient to support a felony murder conviction. It is clear that this court did not review the record to determine whether the trial judge was correct in his finding regarding the sufficiency of the evidence. The court reviewed the trial record in which the judge set forth his findings in support of his imposition of the death penalty. In those findings, the trial judge stated that " 'the Court found the evidence at trial insufficient to support a felony murder basis for conviction.' " [55] This court concluded that

---

50. 466 So.2d 239, 239–40 (Fla. 1st DCA 1984) (citations omitted).

51. 890 F.2d 285, 307–08 (11th Cir.1989).

52. Neither the verdict, nor the judgment entered by the state trial court specified whether Delap was found guilty of premeditated murder, felony murder, or both.

53. *Id.*

54. *Id.* at 309.

55. *Id.* at 310.

"[t]his statement strongly suggests that Delap was acquitted of felony murder."[56]

After reviewing the substance of the trial court's ruling in this case, we can conclusively determine, as did the district court, that the trial judge found the evidence insufficient to support a guilty verdict. The trial judge evaluated the government's key evidence—the defendant's identity and the palm print—and concluded that the prosecution had failed to prove the defendant's guilt beyond a reasonable doubt. The district court correctly concluded that only the form—and not the substance—of the state court's ruling changed when the judge attempted to modify the effect of his ruling by granting a new trial rather than entering a judgment of acquittal.

2. *Judge's Authority to Reverse His Determination of Insufficiency.* In support of its argument that the trial court's ultimate determination as contained in its written order granting a new trial should control, the government argues that the district court "overlooked Florida law which permits a trial judge to reverse himself on a motion for a judgment of acquittal during the course of the hearing on that motion." Appellant cites *Watson v. State*[57] for the proposition that, under Florida law, "at least until the hearing has come to an end, the trial judge may reverse himself on a ruling on a motion for judgment of acquittal."[58] Relying on *Watson*, appellant contends that even if the trial judge originally agreed to set aside the verdict for failure of the state to prove guilt beyond a reasonable doubt, the judge changed his mind and found the verdict contrary to the *weight* of the evidence.

While it is true that "the meaning attached to an ambiguous reversal is a matter of state law,"[59] the government's reliance on *Watson*, nevertheless, is misplaced. Notwithstanding the authority of the trial judge to change his mind, the

judge gave absolutely no reason for changing his mind, *other than* that granting a new trial would give the state an opportunity to appeal. This, as the district court found, was only a change as to the form of the ruling; there is no indication that the trial judge reconsidered his evaluation of the evidence or his determination that guilt had not been established beyond a reasonable doubt. The substance of the ruling remained a judgment of acquittal barring retrial.

■ 3. *Deference to State Appellate Court's Sufficiency Determination and Correctness of Finding of Sufficiency.* Finally, appellant argues that the district court improperly substituted its own factual determination on an issue previously resolved by a state appellate court. A plurality of the Florida First District Court of Appeal "implicitly found the evidence sufficient," and, appellant argues, "such a determination should be afforded deference by this court."[60] However, in *Freer v. State*, the appellate decision to which the state refers, the state court sought to determine whether or not the evidence, in fact, was sufficient; *i.e.*, a determination as to the *correctness* of the trial court's decision. Nothing in the state appellate court's judgment addresses the issue whether the substance of the trial judge's original ruling was based on "weight" rather than "insufficiency." Thus, appellant's argument that absent a conflict with the Due Process Clause, the state appellate court's construction of the trial court's language binds this court is without merit. The state appellate court made no determination as to the consequence of the trial court ruling in the context of double jeopardy.

Appellant's reliance on *Jackson v. Virginia*[61] is similarly misplaced. There, the Supreme Court held that "[a] judgment by

**56.** *Id.*

**57.** 410 So.2d 207 (Fla. 1st DCA 1982).

**58.** *Id.* at 209.

**59.** *Tibbs*, 457 U.S. at 46–47 & n. 24, 102 S.Ct. at 2220–21 & n. 24.

**60.** Reply Brief, at 5. (citing *Freer v. State*, 485 So.2d 10 (Fla. 1st DCA 1986)).

**61.** 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by the federal courts...." [62] Unlike the role of the federal courts in making a *Jackson* inquiry, in deciding whether double jeopardy protections are available, we do not review the record to determine whether the state court's sufficiency ruling was correct; [63] rather, our task as an appellate court is to ascertain the legal consequences of the trial judge's ruling. The double jeopardy issue was not the subject of the state appellate court's determination and is not entitled to deference.

In determining whether the substance of the state trial judge's ruling was an acquittal based on "insufficiency," we do not review the trial court's ruling to determine whether, in fact, it was correct. The Supreme Court made this clear in *United States v. Martin Linen Supply Co.*, in which the Court described the issue as follows: "[W]e must determine whether the ruling of the judge, whatever its label, actually represents a resolution, *correct or not*, of some or all of the factual elements of the offense charged." [64] Even if this court correctly believes that "the acquittal was based upon an egregiously erroneous foundation, ... [n]evertheless, '[t]he verdict of acquittal was final, and could not be reviewed ... without putting [the defendants] twice in jeopardy, and thereby violating the constitution.' " [65] Similarly, the Supreme Court, in *Sanabria v. United States*, declared that "there is no exception permitting retrial once the defendant has been acquitted, no matter how 'egregiously erroneous' ... the legal rulings leading to that judgment might be." [66] In that case,

the district court made an erroneous evidentiary ruling which lead to an acquittal based on insufficiency. There, as here, whether the evidentiary ruling was correct was not relevant for purposes of determining whether double jeopardy attached. [67]

## CONCLUSION

Because we agree with the district court that the trial court's judgment was an acquittal based on evidentiary insufficiency, we hold that Freer's retrial was barred by double jeopardy. Therefore, for the reasons stated above, we AFFIRM the district court's grant of petitioner's writ of habeas corpus.

versed on the ground that the trial judge was without power to direct acquittals under the circumstances disclosed by the record. The Supreme Court reversed on the grounds stated above.

---

**62.** *Id.* at 323, 99 S.Ct. at 2791.

**63.** *See Fong Foo v. United States*, 369 U.S. 141, 142–43, 82 S.Ct. 671, 672, 7 L.Ed.2d 629 (1962) (Supreme Court barred retrial on double jeopardy grounds even though the judgment of acquittal below was "based upon an egregiously erroneous foundation").

**64.** 430 U.S. 564, 571, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642 (1977) (emphasis added).

**65.** *Fong Foo*, 369 U.S. at 142–43, 82 S.Ct. at 672. In *Fong Foo*, a district court directed jury verdicts of acquittal, and the court of appeals re-

**66.** 437 U.S. 54, 75, 98 S.Ct. 2170, 2184, 57 L.Ed.2d 43 (1978) (citing *Fong Foo*, 369 U.S. at 143, 82 S.Ct. at 674).

**67.** 98 S.Ct. at 2184.