Filed 11/3/14

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,

          Plaintiff and Appellant,

          v.

KHRISTINE ELAINE
EROSHEVICH et al.,

          Defendants and Respondents.

S210545

Ct.App. 2/5 B231411

Los Angeles County
Super. Ct. No. BA353907

After a jury trial that resulted in defendant Howard K. Stern's convictions on two counts of conspiracy, the trial court granted defendant's motion for a new trial and dismissed the charges on the grounds that the evidence was insufficient to establish that defendant intended to commit a crime. The Court of Appeal reversed, reinstating the jury's verdict, and ordered that the trial court could consider defendant's remaining grounds for a new trial, but that double jeopardy precluded defendant from being retried. We granted review on the sole issue of whether the state and federal constitutional protections against double jeopardy would preclude a retrial if defendant's new trial motion is granted. We conclude that the Court of Appeal erred when it ordered that double jeopardy precluded defendant from being retried and hold that, if the trial court grants defendant a new trial on any of his remaining claims, he may be retried.

1

**I.**

The People filed an 11-count information against defendant Howard K. Stern. All of the charges arose out of allegations that defendant Stern and codefendant Dr. Khristene Eroshevich had conspired to and did provide prescription drugs to Anna Nicole Smith (also known as Vicki Lynn Marshall) under a variety of false names.[1] The jury convicted defendant on two counts of conspiracy (counts 1 and 3) to commit two target crimes — obtaining a controlled substance by fraud, deceit, or misrepresentation in violation of Health and Safety Code section 11173, subdivision (a), and giving a false name in a prescription for a controlled substance in violation of Health and Safety Code section 11174; one conspiracy was alleged to have occurred between September 11, 2006, and February 8, 2007, and the other between June 5, 2004, and September 10, 2006. Defendant was acquitted on the remaining nine counts.

---

[1] Although codefendant Eroshevich's name appears in the title of this case, our decision does not affect her. She was charged with the same 11 counts as defendant. The jury convicted her on the same two conspiracy charges, plus two additional charges. The trial court concluded that its dismissal of the charges against defendant, the only other conspirator, foreclosed any conspiracy convictions against Eroshevich. Therefore, the trial court dismissed counts 1 and 3, the conspiracy charges, against Eroshevich in furtherance of justice under section 1385. The Court of Appeal reversed the trial court's dismissal of the conspiracy counts and concluded that Eroshevich could be retried if her retrial motion is granted. The Court of Appeal reasoned that because the trial court did not state that it found the evidence insufficient to support Eroshevich's convictions under the substantial evidence standard, the dismissal did not amount to a legal acquittal of codefendant. (See *People v. Lagunas* (1994) 8 Cal.4th 1030, 1038, fn. 6.) The People's petition for review did not take issue with any part of the Court of Appeal's ruling regarding Eroshevich.

Defendant filed a motion for a new trial asserting several grounds pursuant to Penal Code section 1181,[2] and asked the court to exercise its discretion to dismiss the charges under section 1385. Based on the insufficiency of the evidence, the trial court granted defendant's motion for a new trial and also dismissed the two conspiracy counts. The trial court concluded that "no reasonable trier of fact could find that Howard Stern had a specific intent to violate either of these target crimes" and that the evidence supported the conclusion that defendant had provided prescription drugs to Ms. Marshall under false names only to protect her privacy. After reviewing all the evidence, "in a light most favorable to upholding the verdict," the trial court found the evidence to be "clearly insufficient."

The People appealed and the Court of Appeal, in a published opinion, reversed the trial court's rulings on the motions. The Court of Appeal held that the evidence regarding defendant's knowledge and involvement in the provision of drugs to Ms. Marshall in the names of other persons was sufficient such that "the jury could reasonably conclude Mr. Stern, a lawyer, knowingly participated in the ongoing illegal practice of securing illegal prescriptions."

The Court of Appeal held that "the new trial and dismissal orders must be set aside; the verdicts as to counts 1 and 3 must be reinstated; and, upon remittitur issuance, the trial court must proceed to rule on other new trial issues, dismissal grounds and, if appropriate, sentence [defendant]; *but under no circumstances may he be retried.*" (Italics added.) The Court of Appeal concluded that federal and state double jeopardy protections prevented retrial of defendant, finding *Hudson v. Louisiana* (1981) 450 U.S. 40, 44, to be controlling. The Court of Appeal

---

[2]     Unless otherwise noted, all statutory references are to the Penal Code.

3

reasoned that because the trial court granted the new trial motion and dismissed the charges based on the insufficiency of the evidence, the dismissal order had the legal effect of an acquittal; therefore, even though the trial court's order was erroneous, that order barred retrial of defendant. In light of its conclusion, the Court of Appeal discussed several avenues the trial court might consider upon remand: (1) deny the new trial motion and proceed to sentence defendant; (2) deny the new trial motion, but dismiss the case on alternative section 1385 grounds; (3) grant the new trial motion using the "13th juror" standard, but defendant would be barred from retrial; or (4) dismiss counts 1 and 3 on other grounds. The Court of Appeal emphasized that "under no circumstances may a retrial occur."

We granted the People's petition for review, which contended that the Court of Appeal erred in concluding defendant may not be retried should his motion for new trial be granted by the trial court.

## II.

The principles of double jeopardy are of federal and state constitutional origin. The Fifth Amendment of the United States Constitution provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . ." (U.S. Const., 5th Amend.) Similarly, the California Constitution provides that "[p]ersons may not twice be put in jeopardy for the same offense . . . ." (Cal. Const., art. I, § 15.) Unless sound reason exists, California courts will not interpret the California double jeopardy clause more broadly than its federal counterpart. (*Raven v. Deukmejian* (1990) 52 Cal.3d 336, 353.)

At its core, the double jeopardy clause "protect[s] an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." (*Green v. United States* (1957) 355 U.S. 184, 187.) The policy

4

underlying the double jeopardy protection "is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual . . . thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity." (*Id.* at pp. 187-188.)

"The constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal," because the "public interest in the finality of criminal judgments is so strong that an acquitted defendant may not be retried even though 'the acquittal was based upon an egregiously erroneous foundation.' " (*Arizona v. Washington* (1978) 434 U.S. 497, 503.) Consequently, the People cannot appeal from a jury's verdict acquitting a defendant, seeking a reversal in order to retry the defendant.[3] "This is justified on the ground that, however mistaken the acquittal may have been, there would be an unacceptably high risk that the Government, with its superior resources, would wear down a defendant, thereby 'enhancing the possibility that even though innocent he may be found guilty.' " (*United States v. DiFrancesco* (1980) 449 U.S. 117, 130.)

Similarly, a trial court's action amounting to the legal equivalent of an acquittal *prior to the jury's verdict* cannot be appealed by the People because a successful appeal would result in a second trial, which would violate the protection against double jeopardy. (*Evans v. Michigan* (2013) 568 U.S. ___ [133 S.Ct. 1069, 1074] (*Evans*).) The trial court's action is the legal equivalent of an

---

[3]     In California, the People's ability to appeal is delineated in section 1238. Any appeal falling outside section 1238 is prohibited. (*People v. Salgado* (2001) 88 Cal.App.4th 5, 11.) Section 1238, subdivision (a)(8), allows the People to appeal "[a]n order or judgment dismissing or otherwise terminating all or any portion of the action including such an order or judgment after a verdict or finding of guilty . . . ."

5

acquittal if it constitutes a ruling that the prosecution's evidence was insufficient to support a conviction, regardless of whether that ruling is legally correct. (*Ibid.* [although trial court erred in directing verdict of acquittal at close of prosecution's case, defendant was acquitted for double jeopardy purposes and could not be retried]; see, e.g., *Smalis v. Pennsylvania* (1986) 476 U.S. 140 [trial court's order granting defendant's demurrer after close of the prosecution's case on grounds that the evidence was insufficient constituted an acquittal for double jeopardy purposes and barred appeal and retrial]; *Sanabria v. United States* (1978) 437 U.S. 54, 64 [trial court's order striking certain evidence and granting judgment of acquittal could not be appealed even if based on erroneous legal conclusions]; *United States v. Martin Linen Supply Co.* (1977) 430 U.S. 564 [double jeopardy clause barred appeal of trial court's judgment of acquittal, entered after jury was discharged because it had been unable to agree on a verdict]; *Fong Foo v. United States* (1962) 369 U.S. 141, 143 [trial court's order directing jury to return verdicts of acquittal, resulting in judgments of acquittal, barred retrial even if trial court was without power to direct acquittals under the circumstances of the case].)[4]

On the other hand, if a trial court rules that evidence was insufficient to support a conviction *after the jury has returned a verdict* the People may appeal

---

[4]    Sometimes when a trial court grants a motion for new trial, it is unclear whether it found the evidence to be legally insufficient or whether it concluded, reviewing the evidence independently as the "13th juror," that the jury's verdict was against the weight of the evidence. (See § 1181; *People v. Lagunas, supra,* 8 Cal.4th at p. 1038, fn. 6.) In such situations, the reviewing court "must determine whether the ruling . . . , whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." (*United States v. Martin Linen Supply Co., supra,* 430 U.S. at p. 571.) In the present case, however, the record leaves no doubt that the trial court found the evidence to be legally insufficient.

6

that ruling "because reversal would result in reinstatement of the jury verdict of guilt, not a new trial." (*Evans*, *supra*, 568 U.S. at p. ___ [133 S.Ct. at p. 1081, fn. 9]; accord, *United States v. Wilson* (1975) 420 U.S. 332, 353 [prosecution may appeal from trial court's dismissal of indictment after a jury had returned its verdict].) "[W]here a Government appeal presents no threat of successive prosecutions, the Double Jeopardy Clause is not offended." (*United States v. Martin Linen Supply Co.*, *supra*, 430 U.S. at pp. 569-570.)

Under these decisions, in the present case, double jeopardy principles did not preclude the People from appealing the trial court's judgment dismissing the charges on the grounds that the evidence was insufficient. A successful appeal by the People under such circumstances would merely require reinstatement of the jury's verdict and would not result in a new trial. (See *Evans*, *supra*, 568 U.S. at p. ___, fn. 9 [133 S.Ct. at p. 1081, fn. 9].) The Court of Appeal found the evidence to be sufficient and reversed the trial court's ruling, thereby reinstating the jury's verdict of conviction; because the People's appeal and the appellate court's reversal did not require a new trial, neither implicated double jeopardy principles. The question remains whether, as the Court of Appeal concluded, double jeopardy principles would preclude a retrial if, on remand, the trial court were to grant defendant's motion for a new trial or dismissal on defendant's remaining grounds *other than* insufficiency of the evidence.

The double jeopardy rules are well known. The protection against double jeopardy generally precludes retrial for the same offense after a conviction or an acquittal. (*People v. Massie* (1998) 19 Cal.4th 550, 563.) An exception to this rule applies if the judgment of conviction is reversed as a result of defendant's appeal, motion for new trial, or other challenge by a defendant to his or her conviction. (*People v. Hernandez* (2003) 30 Cal.4th 1, 6-7.) Like other constitutional guarantees, double jeopardy protections are not absolute, and may

7

be waived by a defendant. A defendant who files a motion for a new trial, like a defendant who moves for a mistrial, waives state and federal double jeopardy protections. (*Porter v. Superior Court* (2009) 47 Cal.4th 125, 136; see *Oregon v. Kennedy* (1982) 456 U.S. 667, 672-673.) By seeking reversal of a judgment of conviction on appeal, " 'in effect, [a defendant] assents to all the consequences legitimately following such reversal, and consents to be tried anew.' " (*People v. Sachau* (1926) 78 Cal.App. 702, 706; see *People v. Hernandez, supra,* at p. 7 [double jeopardy does not bar retrial when conviction is reversed because of a trial court's erroneous replacement of a juror]; *Tibbs v. Florida* (1982) 457 U.S. 31, 42 [state appellate court's reversal because of the weight of the evidence, rather than the insufficiency of the evidence, does not bar retrial].) Additionally, two policy considerations support allowing retrial in this situation. First, "society would pay too high a price 'were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction.' [Citation.]" (*Tibbs, supra,* at p. 40.) "Second, the Court has concluded that retrial after reversal of a conviction is not the type of governmental oppression targeted by the Double Jeopardy Clause." (*Ibid.*)

There is an exception to the rule permitting retrial after the defendant's successful challenge to his conviction: the defendant may not be retried if the judgment is reversed because, as a matter of law, the evidence was insufficient to support a conviction. "[W]hen a reversal rests upon the ground that the prosecution has failed to produce sufficient evidence . . . , the Double Jeopardy Clause bars the prosecutor from making a second attempt at conviction." (*Tibbs v. Florida*, *supra*, 457 U.S. at p. 42.) When the evidence is legally insufficient, it means that " 'the government's case was so lacking that it should not have even been *submitted* to the jury.' " (*Id.* at p. 41, citing *Burks v. United States* (1978) 437 U.S. 1, 16.) Furthermore, when the defendant seeks a reversal on appeal

8

based on insufficient evidence, or moves for acquittal in the trial court, the defendant does not consent to a disposition that contemplates retrial and therefore does not waive double jeopardy protections. (*Evans*, *supra*, 568 U.S. at p. ___ [133 S.Ct. at p. 1079].) Even if the defendant moves for a new trial, retrial will nevertheless be barred if the defendant's motion was granted on grounds that the evidence was insufficient to support the conviction. (See *Burks*, *supra*, at p. 17 ["[i]n our view it makes no difference that a defendant has sought a new trial as one of his remedies, or even as the sole remedy"].)

In the present case, the Court of Appeal contemplated that, on remand, the trial court could consider the defendant's remaining grounds for his motion for a new trial and could consider dismissal under section 1385 on grounds other than the insufficiency of the evidence. As the above discussion makes clear, double jeopardy principles would not preclude a retrial if defendant were successful in obtaining a new trial or a dismissal of charges, because in seeking to overturn his conviction on grounds other than insufficiency of the evidence he would impliedly waive double jeopardy protections and consent to be retried. (See *Porter v. Superior Court*, *supra*, 47 Cal.4th at p. 136.)

Although these rules seem clear and well established, the Court of Appeal's conclusion that defendant cannot be retried under any circumstances was based on an oft-quoted passage from our decision in *People v. Hatch* (2000) 22 Cal.4th 260: " 'If a trial court rules the evidence is insufficient as a matter of law, then the ruling bars retrial even if it is patently erroneous or the court has no statutory authority to make it. (See *Sanabria v. United States*[, *supra,*] 437 U.S. [at p.] 64 [a trial court finding of legal insufficiency based on an erroneous foundation is still an acquittal for double jeopardy purposes]; *People v. Valenti* (1957) 49 Cal.2d 199, 203, 209 [a trial court dismissal for legal insufficiency made *without* statutory authorization bars retrial under the California Constitution], disapproved on other

9

grounds in *People v. Sidener* (1962) 58 Cal.2d 645, 647; see also *Fong Foo v. United States*[*, supra,*] 369 U.S. [at p.] 143 [a ruling by a trial court acquitting a defendant bars retrial even if the ruling is "egregiously erroneous" and the court lacks the power to make the ruling].)' (*People v. Hatch*, *supra*, 22 Cal.4th at pp. 270-271)." (Citing also *Evans v. Michigan*, *supra*, 568 U.S. at p. ___ [133 S.Ct. at p. 1075]; *Mannes v. Gillespie* (9th Cir. 1992) 967 F.2d 1310, 1313-1316.)

This principle, although often stated unequivocally, does not apply in the context of the present case. All of the cases cited in the quotation from *Hatch*, upon which the Court of Appeal relied, involved rulings by the trial court *before the jury returned a verdict*. In such cases, the prosecution cannot appeal the trial court's ruling even if it is erroneous because a successful appeal would require a retrial, which is barred by double jeopardy. (See *Sanabria v. United States*, *supra*, 437 U.S. at pp. 59-60 [trial court granted defendant's motion for acquittal after presentation of the defense case but before the case went to the jury]; *People v. Valenti*, *supra*, 49 Cal.2d at pp. 203, 209 [trial court dismissed the information in the middle of trial]; *Fong Foo v. United States*, *supra*, 369 U.S. at p. 143 [trial court directed jury to return verdicts of acquittal]; see also *Evans*, *supra*, 568 U.S. at p. ___ [133 S.Ct. at p. 1073 [trial court directed verdict of acquittal at close of prosecution's case]; *Mannes v. Gillespie*, *supra*, 967 F.2d at pp. 1313-1316 [after jury was dismissed because it deadlocked on murder charge, trial court dismissed the charges on the grounds that the evidence was insufficient].)

*Arizona v. Rumsey* (1984) 467 U.S. 203, upon which defendant relies, is distinguishable for the same reason. In *Rumsey*, the high court held that the trial court's judgment imposing a life sentence rather than the death penalty was the equivalent of an acquittal on the merits and precluded defendant from being resentenced to death after the state supreme court reversed the trial court's decision for legal error. In *Rumsey*, there was no jury; the trial court in that case

10

was the "sole decisionmaker" in the proceeding. (*Id.* at p. 211.) Thus, "there was no verdict of 'guilty' for the appellate court to reinstate." (*Id.* at p. 212.) Consequently, the appellate reversal in *Rumsey* would have subjected the defendant to a second sentencing trial, in violation of double jeopardy principles. In contrast, in the present case reversal of the trial court's judgment of "acquittal" will allow reinstatement of the jury's guilty verdict.

The Court of Appeal relied on two additional cases for the proposition that an order granting a new trial motion on the ground of insufficient evidence bars retrial even if the trial court erred: *Hudson v. Louisiana, supra,* 450 U.S. 40, and *Freer v. Dugger* (11th Cir. 1991) 935 F.2d 213.[5] These cases are similarly inapposite because, in each, the trial court's ruling regarding the insufficiency of the evidence was never reversed and stood as a final judgment. In *Hudson*, the trial court granted the defendant's motion for retrial on grounds that the evidence was legally insufficient to support the verdict. The state did not appeal that ruling, but simply retried the defendant, presented evidence that had not been presented in the first trial, and obtained a conviction. The high court held that the double jeopardy clause barred the retrial, just as it would if an appellate court had reversed the defendant's conviction because of insufficient evidence. (*Hudson, supra*, at p. 43; see *Burks v. United States, supra,* 437 U.S. 1 [double jeopardy precluded retrial after the reviewing court held the evidence insufficient to sustain the jury's verdict of guilty].) In *Freer*, a state trial court granted the defendant's

_____

**5**      The Court of Appeal also cited *People v. Lagunas, supra,* 8 Cal.4th at page 1038, footnote 6, but that case is not on point. In *Lagunas* we cited *Hudson v. Louisiana, supra,* 450 U.S. 40, for the rule that double jeopardy bars retrial if the trial court determines that the prosecution's evidence was legally insufficient, but we concluded that the trial court had not determined the evidence to be insufficient in that case.

11

motion for a new trial on grounds that the evidence was insufficient, the prosecution appealed that ruling, and the state appellate court affirmed. Subsequently, the defendant was retried and again convicted. (*Freer*, *supra*, at p. 215.) On habeas corpus, the federal appellate court held that the retrial violated the defendant's double jeopardy rights. (*Id.* at p. 222.)

Under these authorities, the trial court's order in the present case would have precluded a retrial had the People chosen not to appeal it or had it been affirmed on appeal. But the People did appeal and the Court of Appeal reversed the trial court's ruling and reinstated the jury verdict. "It is well settled that the reversal of a judgment or order ordinarily leaves the proceeding in the same situation in which it stood before the judgment or order was made." (*Odlum v. Duffy* (1950) 35 Cal.2d 562, 564; see 9 Witkin, Cal. Procedure (5th ed. 2008) § 869, p. 928 [reversal of an order granting a new trial "leaves the judgment as if no such order had been made, i.e., as if the motion had been denied"].) "When an order has been reversed the effect is that 'it no longer ha[s] any vitality or force . . . .' " (*Estate of Pusey* (1918) 177 Cal. 367, 371, quoting *Estate of Mitchell* (1899) 126 Cal. 250.) The effect of the Court of Appeal's order barring a retrial upon remand was to improperly give legal force and effect to a ruling of the trial court that it had reversed.

12

## III.

The judgment of the Court of Appeal is reversed to the extent that it bars defendant from being retried should the trial court grant his motion for a new trial or dismissal on grounds other than the insufficiency of the evidence.

**CANTIL-SAKAUYE, C. J.**

**WE CONCUR:**

BAXTER, J.
WERDEGAR, J.
CHIN, J.
CORRIGAN, J.
LIU, J.
CORNELL, J.*

---

\*     Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Eroshevich
_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 214 Cal.App.4th 1335
**Rehearing Granted**


_____

**Opinion No.** S210545
**Date Filed:** November 3, 2014
_____

**Court:** Superior
**County:** Los Angeles
**Judge:** Robert J. Perry


_____

**Counsel:**

Steve Cooley and Jackie Lacey, District Attorneys, Irene T. Wakabayashi, Head Deputy District Attorney, Brentford J. Ferreira, Shirley Sui-Nin Sun, Natasha Cooper, Gilbert Wright, Phyllis C. Asayama and Serena R. Murillo, Deputy District Attorneys, for Plaintiff and Appellant.

Janyce Keiko Imata Blair, under appointment by the Supreme Court, for Defendant and Respondent Khristine Elaine Eroshevich.

Peter Gold, under appointment by the Supreme Court, for Defendant and Respondent Howard Kevin Stern.

1

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Serena R. Murillo
Deputy District Attorney
320 West Temple Street, Suite 540
Los Angeles, CA  90012
(213) 893-0632

Janyce Keiko Imata Blair
321 Richmond Street, Suite A
El Segundo, CA  90245
(310) 606-9262

Peter Gold
5758 Geary Boulevard, #160
San Francisco, CA  94121
(510) 872-6305