Filed 8/30/22  P. v. Archie CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B314427 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA091842-01) |
| v. | |
| GREGORY LAMONT ARCHIE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kathryn Solorzano, Judge.  Affirmed.

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

Defendant was initially convicted of attempted murder and robbery at a trial in which his counsel had an undisclosed conflict of interest. When the conflict was discovered, defendant's motion for new trial was granted, but his multiple motions to dismiss were denied, and his once-in-jeopardy plea was stricken. Defendant subsequently entered a no contest plea to robbery (Pen. Code, § 211),[1] with enhancements for the use of a deadly weapon (§ 12022, subd. (b)(1)), causing great bodily injury (§ 12022.7) and having sustained a prior strike (§ 1170.12). He now appeals.

The trial court concluded that defendant's initial counsel had been operating under a conflict because, at the time he represented defendant, he was also under investigation by the Los Angeles County District Attorney for Building Code and Zoning Code violations. After his representation of defendant terminated, the District Attorney filed a four-count misdemeanor complaint against the lawyer. The ultimate disposition of the charges against the lawyer is not indicated in the record in this appeal.

The conflict was discovered shortly after defendant's sentencing. The trial court recalled defendant's sentence and sought briefing from both parties. Defendant requested a new trial and, in the alternative, moved to dismiss the prosecution due to his prior counsel having been conflicted. The trial court granted the new trial motion, and denied the motion to dismiss. Thereafter, defendant sought to pursue his once-in-jeopardy plea, arguing that the prosecution's failure to disclose to the trial court

---

[1] All undesignated statutory references are to the Penal Code.

that it was investigating defendant's counsel constituted prejudicial misconduct sufficient to justify dismissal. The court struck the once-in-jeopardy plea, but informed defendant he was entitled to an evidentiary hearing to establish prosecutorial misconduct if he so chose. Defendant did not request such a hearing, or raise the issue again. Instead, he proceeded to jury selection on retrial, and ultimately accepted the prosecution's plea offer. He filed a notice of appeal and obtained a certificate of probable cause on the trial court's failure to dismiss and striking of his once-in-jeopardy plea.

On April 26, 2022, defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The brief included a declaration that counsel had written to defendant, explaining the brief that counsel was filing, and informing defendant of his right to file a supplemental brief. This court sent defendant a letter advising him that a *Wende* brief had been filed and that he had 30 days to submit a brief or letter raising any issues he wished us to consider. Defendant did not file a supplemental brief.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with counsel's responsibilities and that no arguable issues exist. (*Wende, supra,* 25 Cal.3d 436.) The trial court's rulings were correct. Prior counsel's conflict denied defendant the effective assistance of counsel. (*People v. Harris* (2014) 225 Cal.App.4th 1129, 1144.) The trial court granted defendant's motion for new trial on that basis. Having been granted a new trial at his request, defendant cannot be heard to complain the new trial is barred by double jeopardy. (*People v. Eroshevich* (2014) 60 Cal.4th 583, 590.) It was therefore appropriate to strike his plea of once-in-jeopardy.

While it is true that egregious prosecutorial misconduct may be a sufficient basis for dismissal of charges (*People v. Velasco-Palacios* (2015) 235 Cal.App.4th 439, 445), defendant was repeatedly informed of his right to an evidentiary hearing on the issue, and did not seek one.

### DISPOSITION

The judgment is affirmed.


                                        RUBIN, P. J.
WE CONCUR:



MOOR, J.



KIM, J.


4