Filed 2/10/16  P. v. Meraz CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E061584 |
| v. | (Super.Ct.No. INF058375) |
| JESSE MERAZ, JR., | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  James S. Hawkins, Judge.

Reversed and remanded for resentencing.

Paul E. Zellerbach and Michael A. Hestrin, District Attorneys, and Emily R.

Hanks, Deputy District Attorney, for Plaintiff and Appellant.

Steven L. Harmon, Public Defender, and Joshua A. Knight, Deputy Public

Defender, for Defendant and Respondent.

Defendant Jesse Meraz, Jr. has two strike priors.  In this case, he was convicted on

four counts of nonviolent, nonserious crimes and sentenced pursuant to the "Three

Strikes" law. He appealed. While his appeal was pending, Proposition 36, amending the Three Strikes law, went into effect. We reversed the conviction on two of the counts and remanded for resentencing. The trial court then sentenced him pursuant to Proposition 36.

We will hold that the sentencing provisions of Proposition 36 do not apply to a defendant who began serving a sentence before it went into effect. This is true even if the defendant is resentenced after it went into effect. Such a defendant's remedy under Proposition 36, if any, is to petition for resentencing (or, as in this case, re-resentencing).

I

FACTUAL AND PROCEDURAL BACKGROUND

A.      *Defendant's Conviction*.

On July 20, 2011 — before Proposition 36 was enacted — a jury found defendant guilty on four counts:

Count 1: Possession of a firearm by a convicted felon. (Pen. Code, former § 12021, subd. (a)(1); see now Pen. Code, § 29800, subd. (a)(1).)

Count 2: Possession of ammunition by a convicted felon. (Pen. Code, former § 12316, subd. (b)(1); see now Pen. Code, § 30305, subd. (a)(1).)

Count 3: Carrying a loaded firearm in public while an active gang participant. (Pen. Code, former § 12031, subd. (a)(2)(C); see now Pen. Code, § 25850, subd. (c)(3).)

Count 4: Active gang participation. (Pen. Code, § 186.22, subd. (a).)

Two strike priors (Pen. Code, §§ 667, subds. (b)-(i), 1170.12), two prior serious felony allegations (Pen. Code, § 667, subd. (a)), and two 1-year prior prison term allegations (Pen. Code, § 667.5, subd. (b)) were found true.

Defendant was sentenced to 25 years to life on each count; the terms on counts 1, 2, and 4 were stayed pursuant to Penal Code section 654. In addition, he was sentenced to five years on each of the prior serious felony enhancements and one year on one of the prior prison term enhancements, for a total of 36 years to life in prison.

B. *Defendant's First Appeal.*

Defendant appealed. On November 7, 2012, while the appeal was pending, Proposition 36 went into effect.

In our opinion, we found insufficient evidence that defendant was an active gang participant to support count 4. (*People v. Meraz* (Dec. 20, 2013, E055229) slip opn. at pp. 5-6.) Accordingly, we also found insufficient evidence that he had been carrying a firearm while he was an active gang participant to support count 3. (*Id.* at pp. 6-7.) We noted: "Although carrying a loaded firearm is generally punishable as a misdemeanor, '[c]arrying a loaded firearm in violation of this section is punishable, [as a felony]: [¶] . . . [¶] (C) Where the person is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22 . . . .' [Citation.]" (*Ibid.*) We concluded that "[defendant's] conviction of count 4 as a felony likewise cannot stand." (*Id.* at p. 7.) Our disposition was: "Defendant's conviction of counts 3 and 4 is reversed and the matter is

remanded for resentencing consistent with this opinion.  In all other respects the judgment is affirmed."  (*Id*. at p. 12.)

C.      *Defendant's Resentencing*.

On remand, defendant argued that he was entitled to be sentenced pursuant to Proposition 36.  The People argued that Proposition 36 did not apply.  They also argued that defendant was excluded from the operation of Proposition 36 because he had been armed with a firearm during the commission of the offenses.

On June 13, 2014, the trial court commented:  "I think there's an inconsistency in the law that I can't sort out."  It continued:

"THE COURT:  So, if I can't resolve it, I don't think what I should do is let him appeal it and sort it out.  I should probably give him the benefit."

"[THE PROSECUTOR]:  And let us appeal and sort it out?

"THE COURT:  That would help."

It sentenced defendant in accordance with Proposition 36 to a total of eight years in prison, consisting of three years (the upper term), doubled, on count 1, plus one year each on the prior prison term enhancements.

# I

## THE SENTENCING PROVISIONS OF PROPOSITION 36 DO NOT APPLY TO A PERSON CONVICTED BEFORE BUT SENTENCED AFTER PROPOSITION 36 WENT INTO EFFECT

The People contend that Proposition 36 is not retroactive and therefore defendant was not entitled to the benefit of its ameliorative sentencing provisions when he was resentenced.

### A. *Legal Background*.

Under the three strikes law as originally enacted, a defendant who had two or more serious or violent prior felony convictions (a "third-striker") was subject to an indeterminate sentence of 25 years to life for any new felony conviction, regardless of whether it was serious or violent. A defendant with only one serious or violent prior felony conviction (a "second-striker") was subject to a sentence for any new felony conviction of double the term otherwise provided.

Proposition 36 amended the three strikes law in two respects that are relevant here.

First, in most cases, a third-striker who is convicted of a nonserious, nonviolent felony is subject to the same sentence as a second-striker — i.e., double the term otherwise provided. (Pen. Code, §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) However, there are some exceptions, under which a third-striker still must be sentenced to 25 years to life, including when:

"[T]he prosecution pleads and proves any of the following:  [¶]  . . .  [¶]  . . . During the commission of the current offense, the defendant . . . was armed with a firearm . . . ."  (Pen. Code, §§ 667, subds. (e)(2)(A), (e)(2)(C)(iii), 1170.12, subds. (c)(2)(A), (c)(2)(C)(iii).)

We will refer to the provisions of Proposition 36 allowing a third-striker to be sentenced as a second-striker as the "sentencing provisions."

Second, in most cases, a third-striker who was sentenced to 25 years to life for a nonserious, nonviolent felony before Proposition 36 went into effect can petition for resentencing.  (Pen. Code, § 1170.126.)  Again, this is subject to exceptions.  Among other things, a third-striker is not eligible to petition for resentencing if he or she was armed with a firearm during the commission of the offense for which he or she is currently serving a sentence.  (Pen. Code, § 1170.12, subd. (e)(2); see also Pen. Code, §§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)  In addition, a third-striker can be denied resentencing if "the [trial] court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  (Pen. Code, § 1170.126, subd. (f).)

We will refer to the provisions of Proposition 36 allowing a third-striker to be resentenced as a second-striker as the "resentencing provisions."

Because the precise statutory wording regarding the applicability of the resentencing provisions is significant in this case, we quote it here verbatim:  "The resentencing provisions . . . are intended to apply exclusively to persons *presently serving*

*an indeterminate term of imprisonment* pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (Pen. Code, § 1170.126, subd. (a), italics added.)

### B. *Retroactivity Principles*.

#### 1. Estrada.

The leading case on the retroactivity of an ameliorative amendment to a criminal statute is *In re Estrada* (1965) 63 Cal.2d 740. There, after the defendant committed the crime of escape, but before he was convicted and sentenced, the escape statutes were amended so as to reduce the sentence and to reduce the minimum parole eligibility period. (*Id*. at pp. 743-744.)

The Supreme Court began by stating: "A criminal statute is amended after the prohibited act is committed, but before final judgment, by mitigating the punishment. What statute prevails as to the punishment — the one in effect when the act was committed or the amendatory act? . . . We hold that in such situations the punishment provided by the amendatory act should be imposed." (*In re Estrada*, *supra*, 63 Cal.2d at p. 742.)

It explained: "The problem . . . is one of trying to ascertain the legislative intent — did the Legislature intend the old or new statute to apply? Had the Legislature expressly stated which statute should apply, its determination, either way, would have been legal and constitutional. It has not done so. We must, therefore, attempt to

determine the legislative intent from other factors." (*In re Estrada*, *supra*, 63 Cal.2d at p. 744.)

"When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (*In re Estrada*, *supra*, 63 Cal.2d at p. 745.) Thus, "where the amendatory statute mitigates punishment *and there is no saving clause*, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed." (*Id*. at p. 748, italics added.)

In a subsequent case, the Supreme Court refined this by adding that: "The rule in *Estrada* . . . is not implicated where the Legislature clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause *or its equivalent*. . . . [T]he absence of an express saving clause . . . does not end 'our quest for legislative intent.' 'Rather, what is required is that the Legislature demonstrate its intention with sufficient clarity that a reviewing court can discern and effectuate it.' [Citation.]" (*People v. Nasalga* (1996) 12 Cal.4th 784, 793, fn. omitted, italics added.)

### 2. Yearwood.

*People v. Yearwood* (2013) 213 Cal.App.4th 161 is the leading case regarding the application of *Estrada* to Proposition 36.

In *Yearwood*, the defendant was convicted of a nonserious, nonviolent felony and sentenced as a third-striker. While his appeal was pending, Proposition 36 was enacted. (*People v. Yearwood*, *supra*, 213 Cal.App.4th at p. 167.) Thus, in his appeal, in addition to raising a *Pitchess*[1] issue (*Yearwood*, *supra*, at pp. 179-181), he argued that he was entitled to be resentenced pursuant to Proposition 36. (*Yearwood*, *supra*, at p. 168.)

The court held that, under *Estrada*, Proposition 36 does not "apply retroactively to prisoners who were sentenced prior to [its] effective date but whose judgments were not final as of that date." (*People v. Yearwood*, *supra*, 213 Cal.App.4th at p. 168.)

It explained that "[Penal Code] section 1170.126 operates as the functional equivalent of a saving clause. In part, [Penal Code] section 1170.126(b) provides that '[a]ny person serving an indeterminate term of life imprisonment' imposed for a third strike conviction 'may file a petition for a recall of sentence.' The quoted phrase is not ambiguous. [Penal Code s]ection 1170.126(b) could have been, but was not, drafted so that it applied only to prisoners whose judgments were final before [Proposition 36]'s effective date. We believe that [Penal Code] section 1170.126(b) is correctly interpreted to apply to all prisoners serving an indeterminate life sentence imposed under the former three strikes law. The finality of the judgment is not determinative for purposes of [Penal Code] section 1170.126(b)." (*People v. Yearwood*, *supra*, 213 Cal.App.4th at p. 175, fn. omitted.)

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

It further explained that "[e]nhancing public safety was a key purpose of [Proposition 36]. . . . [P]roponents argued that the initiative would ensure dangerous criminals remain in prison." (*People v. Yearwood*, *supra*, 213 Cal.App.4th at p. 175.) "Requiring all prisoners who were sentenced before [Proposition 36]'s effective date to comply with [Penal Code] section 1170.126 provides the trial court with a limited capacity to protect the public in specific cases where reduction of a prisoner's sentence would create an unreasonable safety risk." (*Id*. at p. 168.)

Defendant does not argue that *Yearwood* was wrongly decided. The issue of whether Proposition 36 can apply retroactively is presently before the California Supreme Court in *People v. Conley*, review granted August 14, 2013, S211275. *Yearwood*, however, remains the only published opinion on the issue. We find its reasoning to be persuasive and we will follow it.

C. *Defendant's Attempt to Distinguish* <u>Yearwood</u>.

Defendant attempts to distinguish *Yearwood* on the ground that there, Proposition 36 went into effect after the defendant had already been sentenced (*People v. Yearwood*, *supra*, 213 Cal.App.4th at pp. 167-168); he argued on appeal that he was entitled to resentencing under Proposition 36 because it went into effect before the judgment became final. (*Id*. at p. 168.) Here, by contrast, we reversed the original judgment and remanded for resentencing. Thus, defendant argues, it was as if he were being sentenced for the first time, and, as such, entitled to the benefit of the sentencing provisions. Conversely, he was not "presently serving an indeterminate term of imprisonment," and therefore he

was not required to proceed by way of the resentencing provisions. Hence, in defendant's view, there is no issue in this case as to whether Proposition 36 is "retroactive."

We recognize that, as a general rule, "'the reversal of a judgment or order ordinarily leaves the proceeding in the same situation in which it stood before the judgment or order was made.' [Citations.]" (*People v. Eroshevich* (2014) 60 Cal.4th 583, 593-594.) Nevertheless, the reversal did not make defendant a free man. Most important, he was not returned to presentence custody; he remained in postsentence custody.

In *People v. Buckhalter* (2001) 26 Cal.4th 20, the defendant was convicted and sentenced and began serving his sentence. (*Id.* at p. 24.) The court of appeal held that the sentence was erroneous in one respect; it also held that the trial court had failed to exercise its discretion in another respect. (*Id.* at pp. 24-25.) It remanded with directions to modify the sentence and to exercise the necessary discretion. (*Id.* at p. 25.)

During at least part of the time he was awaiting resentencing, the defendant was housed in the county jail. (*People v. Buckhalter*, *supra*, 26 Cal.4th at pp. 26-27.) At the resentencing hearing, the trial court ruled that the time he had spent in jail was not presentence custody for purposes of the calculation of custody credit. (*Id.* at pp. 26-27.)

The Supreme Court upheld this ruling. It explained: "[O]nce sentenced, committed to prison, and delivered to the Director's custody, a felon remains in that status, serving a term of imprisonment, until lawfully released . . . ." (*People v. Buckhalter*, *supra*, 26 Cal.4th at p. 33.) It also stated that such a felon "is not restored to

presence status, for purposes of the sentence-credit statutes, by virtue of a limited appellate remand for correction of sentencing errors. Instead, he remains 'imprisoned' [citation] in the custody of the Director 'until duly released according to law' [citation], even while temporarily confined away from prison to permit his appearance in the remand proceedings." (*Id*. at p. 23.) Thus, all of the defendant's confinement from his original sentencing through his resentencing "was imprisonment in the Director's custody, and such custody counts not as presence confinement, but as service of his sentence. [Citation.]" (*People v. Buckhalter*, *supra*, 26 Cal.4th at p. 34; see also *id*. at p. 24 [date of original sentencing], p. 26 [date of resentencing].)

The defendant argued that "the necessary effect of an appellate remand to correct an unlawful or erroneous sentence is to vacate the original sentence, require full resentencing with attendant rights, and thus restore the defendant to the same position as if he had never been sentenced at all." (*People v. Buckhalter*, *supra*, 26 Cal.4th at p. 34.) The Supreme Court, however, rejected "the notion that an appellate remand that requires the exercise or reexercise of sentencing discretion necessarily results in a full resentencing." (*Id*. at p. 34.) It observed: "Here, . . . the court proceeded to resentence defendant. But this fact alone cannot mean that the original sentence became void *ab initio* . . . ." (*Id*. at p. 36.)

In this case, similarly, we remanded for limited resentencing purposes. We do not know where defendant was housed in the interim, but it is no matter. Under *Buckhalter*, he was not magically restored to presentence custody. Rather, he remained in the

postsentence custody of the Department of Corrections and Rehabilitation, and he continued to serve an indeterminate term of imprisonment.**2**  It follows that he fell within what *Yearwood* called Penal Code section 1170.126's "functional equivalent of a saving clause." (*People v. Yearwood*, *supra*, 213 Cal.App.4th at p. 175.)  Hence, he could seek relief under the statute's resentencing provisions, but he was not entitled to invoke its sentencing provisions.

Finally, defendant argues that "[a] sentence imposed according to a former version of a statute, rather than that in place at the time of sentencing," would violate both due process and equal protection.  Not so.  "'[T]he [Fourteenth Amendment] does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time.' [Citation.]" (*People v. Floyd* (2003) 31 Cal.4th 179, 191.)  *Estrada* itself indicated that it would be both "legal and constitutional" for the Legislature to provide that an old statute continues to apply in some cases even after a new statute has become effective.  (*In re Estrada*, *supra*, 63 Cal.2d at p. 744.)

We therefore conclude that the sentencing provisions of Proposition 36 do not apply to a person who, like defendant, started serving his sentence before Proposition 36 went into effect.  The trial court therefore erred by resentencing defendant in accordance with Proposition 36.  We must reverse and remand for resentencing.

---

**2**      Although we had reversed counts 3 and 4, and hence the indeterminate 25-years-to-life terms imposed on them, this reversal required that the Penal Code section 654 stay on the indeterminate 25-years-to-life term on either count 1 or count 2 be vacated.  (See *In re Pope* (2010) 50 Cal.4th 777, 784.)

## III

## DISPOSITION

The People also argue that, if Proposition 36 did apply, the trial court erred because they pleaded and proved that defendant was armed by obtaining his conviction for carrying a loaded firearm in public while an active gang participant, even though we later reversed that conviction. Given our holding that Proposition 36 did not apply, this contention is moot.

The judgment is reversed, solely with respect to the sentence, and the matter is remanded for resentencing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

HOLLENHORST
J.

CODRINGTON
J.