Filed 8/29/23 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GREGORY VANCE, JR.,<br><br>    Defendant and Appellant. | E079750<br><br>(Super.Ct.No. FSB032415)<br><br>ORDER DENYING PETITION FOR REHEARING AND MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT

The petition for rehearing, filed on August 21, 2023, is denied. The opinion filed in this matter on August 7, 2023 is modified as follows.

1. On page 2, the third full paragraph:

> (2) Applying an erroneously low burden of proof.

is deleted and replaced with:

> (2) The trial court failed to find him guilty beyond a reasonable doubt; it merely found that there was substantial evidence that he was guilty.

2. On page 2, the first sentence in the last partial paragraph:

> We will also hold that, in a section 1172.6 proceeding, the trial court's erroneous application of an unduly low burden of proof is not reversible per se.

1

is deleted and replaced with:

> We will also hold that, in a section 1172.6 proceeding, the trial court's erroneous use of a substantial evidence test is not reversible per se.

3. On page 5, Roman numeral "IV" is deleted and replaced by Roman numeral "III."

4. On page 8, the heading:

V

ERRONEOUSLY LOW BURDEN OF PROOF

is deleted and replaced with:

IV

USE OF THE SUBSTANTIAL EVIDENCE TEST

5. On page 8, the first full paragraph:

> Vance contends that the trial court applied an erroneously low burden of proof.

is deleted and replaced with:

> Vance contends that the trial court "failed to sit as a factfinder" and "fail[ed] to apply any standard of proof . . . ."

6. On pages 9, first sentence of the second full paragraph:

> Here, even though the evidentiary hearing was held in July 2022, the trial court applied the incorrect standard of proof.

is deleted and replaced with:

> Here, even though the evidentiary hearing was held in July 2022, the trial court applied the incorrect burden.

7. On page 9, the last full paragraph:

Unhelpfully, Vance does not discuss the applicable harmless error standard. Rather, he argues that the error is reversible per se.

is deleted and replaced with:

Vance argues that the failure to find guilt beyond a reasonable doubt is reversible per se.

8. The paragraph starting on page 9 and ending on page 10:

*People v. Garrison* (2021) 73 Ca1.App.5th 735 (*Garrison*) held that the precise error here — applying the wrong burden of proof at an evidentiary hearing under section 1172.6 — is not reversible per se. (*Id*. at pp. 745-747; accord, *People v. Garcia* (2022) 82 Ca1.App.5th 956, 971-972.) Vance tries to distinguish *Garrison* on the ground that there, the trial court used the wrong standard of proof, whereas here, the trial court supposedly used no standard of proof. Not so. In both cases, the error was using a substantial evidence standard. (*Garrison*, *supra*, at p. 745.) *Garrison* is squarely on point.

is deleted and replaced with:

*People v. Garcia* (2022) 82 Cal.App.5th 956 (*Garcia*) is to the contrary. It subjected the precise error here — applying the substantial evidence test at an evidentiary hearing under section 1172.6 — to harmless error analysis. (*Id*. at pp. 971–972.) Similarly, in *People v. Garrison* (2021) 73 Cal.App.5th 735 (*Garrison*), the trial court said, "I . . . find beyond a reasonable doubt that Mr. Garrison could have been convicted as the actual shooter and actual killer in this felony murder case." (*Garrison*, *supra*, 73 Cal.App.5th at p. 741.) Garrison argued that "the trial court committed structural error in applying the wrong standard of proof . . . ." (*Id*. at p. 745.) The appellate court held that the error was not structural, and therefore it was subject to harmless error analysis. (*Id*. at pp. 745–747.)

Vance asserts that in *Garrison*, the trial court made a factual finding of guilt under an erroneously low standard of proof, whereas here, the trial court did not make any factual finding of guilt at all. We may assume, without deciding, that he is correct, but even if so, *Garcia* is not similarly distinguishable. In *Garcia*, the defendant specifically argued that the trial court had "erroneously relied on a sufficiency of the evidence standard"

3

(*Garcia*, *supra*, 82 Cal.App.5th at p. 971); the appellate court assumed that it had (*ibid*), but nevertheless held the error harmless. (*Id*. at pp. 971–973.)

More generally, the *reasoning* in *Garrison* applies to the error here. The court explained, "The concept of structural error does not apply here because a section 117[2.6] hearing is not a criminal trial." (*Garrison*, *supra*, 73 Cal.App.5th at p. 746.) "[A]n error is structural only in a ""very limited class of cases""" when it affects the framework in which the trial proceeds. [Citation.]" (*Ibid*.) "Here, . . . the error did not affect the framework of a trial. The error can be quantitatively assessed and defendant has not demonstrated that he suffered any harm by it." (*Id*. at pp. 746–747.) This reasoning applies whenever the trial court erroneously uses the substantial evidence test at a section 1172.6 evidentiary hearing.

9. The four paragraphs from the first full paragraph on page 10 through the first full paragraph on page 11:

Vance argues that, because section 1172.6, subdivision (d)(3) refers to "the" evidentiary hearing, there can never be a second evidentiary hearing. This argument is frivolous. There are many references to "the trial" in the Penal Code (e.g., §§ 190.05, subd. (g), 190.4, subd. (a), 190.7, subd. (a)(2), 293.5, subd. (b), 656, 663), yet when a conviction is reversed, a retrial is not generally barred. Rather, the controlling statute is section 1260, which, as relevant here, provides: "The [appellate] court . . . may, if proper, order a new trial and may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances."

Vance also cites *People v. Keel* (2022) 84 Cal.App.5th 546. There, the court found insufficient evidence to support the trial court's finding that the petitioner acted with reckless indifference (*id*. at pp. 556–563), so it remanded with directions to grant the petition. (*Id*. at p. 565.)

In an appeal from a conviction, if the appellate court reversed based on insufficiency of the evidence, double jeopardy bars a retrial. (*Burks v. United States* (1978) 437 U.S. 1, 18.) Double jeopardy principles do not apply in section 1172.6 proceedings. (*People v. Mitchell* (2022) 81 Cal.App.5th 575, 589.) Nevertheless, we accept that, if the prosecution fails to introduce sufficient evidence at the evidentiary hearing, it is not allowed to keep trying again and again until it does.

In part IV, *ante*, however, we rejected Vance's contention that there was insufficient evidence to support the denial of the petition. Tellingly, he does not argue that, *even if* the trial court was allowed to consider our prior

4

appellate opinion, there *still* was insufficient evidence that he is guilty of murder under current law.  The trial court's only relevant error was in applying an erroneously low burden of proof.  Accordingly, this case falls squarely under the general rule that "[b]y seeking reversal of a judgment of conviction on appeal, '"in effect, [a petitioner] assents to all the consequences legitimately following such reversal, and consents to be tried anew."'  [Citations.]"  (*People v. Eroshevich* (2014) 60 Cal.4th 583, 591.)

are deleted.

Except for these modifications, the opinion remains unchanged.  This modification does not effect a change in the judgment.

CERTIFIED FOR PUBLICATION

RAMIREZ
P.J.

I concur:

McKINSTER
J.

RAPHAEL
J.

5

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079750 |
| v. | (Super.Ct.No. FSB032415) |
| GREGORY VANCE, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Steven Malone, Judge. Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, and Robin Urbanski, Alan Amann, and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

Petitioner Gregory Vance, Jr., his girlfriend (and codefendant) Katherine Schumann, and the victim were operating a fraudulent check-cashing scheme. Vance and Schumann suspected the victim of taking more than his share of the proceeds. Armed

with knives, they went to the victim's home. By the time they left, the victim had been fatally stabbed. According to the prosecution's evidence, it was Vance who stabbed the victim; according to petitioner, it was Schumann. Vance was convicted of (among other things) first degree murder, on a felony murder theory, and sentenced to 56 years to life in prison.

The trial court denied Vance's petition under Penal Code section 1172.6[1] to vacate his murder conviction. He appeals. He contends the trial court erred by:

(1) Considering only the facts as stated in our opinion in Vance's direct appeal, rather than the facts as shown by the record of conviction.

(2) Applying an erroneously low burden of proof.

We will hold that Vance's counsel forfeited the trial court's erroneous reliance on our prior opinion by failing to object, and that in the absence of any objection, our prior opinion constituted substantial evidence.

We will also hold that, in a section 1172.6 proceeding, the trial court's erroneous application of an unduly low burden of proof is not reversible per se. Rather, the appellant has the burden of showing that it is reasonably probable that, in the absence of

---

[1]     All further statutory citations are to the Penal Code, unless otherwise indicated.

The petition was actually filed under former section 1170.95. (Stats. 2018, ch. 1015, § 4, amended by Stats. 2021, ch. 551, § 2.) Effective June 30, 2022, former section 1170.95 was renumbered as section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will use section 1172.6, somewhat anachronistically, to refer to whichever one of the two statutes was in effect at the relevant time.

the error, he or she would have enjoyed a more favorable outcome. As Vance has not even tried to meet this burden, we cannot say the error was prejudicial.

## I

## STATEMENT OF THE CASE

In 2003, Vance was found guilty of first degree murder (§ 187, subd. (a); former § 189, subd. (a)) and first degree burglary (§§ 459, 460). The only theory of first degree murder on which the jury was instructed was felony murder.

In a bifurcated proceeding, after waiving a jury trial, Vance admitted one strike prior (§§ 667, subds. (b)-(i), 1170.12), one prior serious felony conviction enhancement (§ 667, subd. (a)), and one prior prison term enhancement (§ 667.5, subd. (b)).

He was sentenced to a total of 56 years to life in prison.

In his direct appeal, we affirmed. (*People v. Schumann* (Aug. 4, 2006, E036689) [2006 Cal.App. Unpub. LEXIS 6822] [nonpub. opn.].)

In 2019, Vance filed a petition pursuant to section 1172.6. The trial court found that the petition made a prima facie showing, and it set an evidentiary hearing.

At the evidentiary hearing, the prosecution requested judicial notice of the record in the underlying case. The trial court did not expressly rule on the request; however, it said it was relying solely on the facts as stated in our opinion in the direct appeal.[2]

---

[2] Specifically, it said: "The opinion of the Court of Appeal affirming the original conviction sets forth a detailed factual account of the evidence presented at trial. The Court relies on the factual summary in that opinion for analysis of this [1172.6] petition."

After hearing argument, it denied the petition. It found "substantial evidence that" Vance was the actual killer. It also found "substantial evidence that" Vance was a major participant in the underlying burglary and acted with reckless indifference to human life.

II

LEGAL BACKGROUND

Effective January 1, 2019, the Legislature restricted the scope of the felony murder rule. (Stats. 2018, ch. 1015, § 3.) Specifically, it amended section 189, concerning the degrees of murder, so as to provide that the felony murder rule (§ 189, subd. (a)) applies to a person only if:

"(1) The person was the actual killer.

"(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

"(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e).)[3]

At the same time, the Legislature also enacted section 1172.6 (Stats. 2018, ch. 1015, § 4), which provides: "A person convicted of felony murder . . . may file a petition . . . to have the petitioner's murder . . . conviction vacated" if "[t]he petitioner could not

---

[3] Or — we note for completeness, although it is not relevant here — unless the victim was a police officer killed in the course of his or her duties and the defendant knew or should have known that. (§ 189, subd. (f).)

presently be convicted of murder" as a result of the amendment of section 189. (§ 1172.6, subds. (a), (a)(3).)

If a petition under section 1172.6 is facially sufficient, the trial court must hold a hearing to determine whether the petition states a prima facie claim for relief. (§ 1172.6, subd. (c); *People v. Lewis* (2021) 11 Cal.5th 952, 957.)

If the petition does state a prima facie claim for relief, the trial court must hold an evidentiary hearing. At the evidentiary hearing, the prosecution has the burden to prove, beyond a reasonable doubt, that the petitioner is guilty of murder even under current law. (§ 1172.6, subds. (d)(1), (d)(3).) If the prosecution fails to meet this burden, the trial court must grant the petition and vacate the murder conviction. (§ 1172.6., subd. (d)(3).)

IV

THE TRIAL COURT'S RELIANCE ON OUR PRIOR OPINION

Vance contends that our prior opinion was not evidence, and therefore the trial court's denial of the petition, which was based solely on our prior opinion, was not supported by sufficient — or, indeed, by any — evidence.

Section 1172.6, as originally enacted, provided that "the record of conviction" was admissible at an evidentiary hearing. (Former § 1170.95, subd. (d)(3), Stats. 2018, ch. 1015, § 4.) However, it was amended, effective January 1, 2022, so as to add the following italicized language: "At the hearing to determine whether the petitioner is entitled to relief, . . . [t]*he court may . . . consider the procedural history of the case*

5

*recited in any prior appellate opinion*." (Former § 1170.95, subd. (d)(3), Stats. 2021, ch. 551, § 2, italics added.)

We have held that, by *allowing* consideration of "the procedural history" in a prior appellate opinion, the Legislature intended to *prohibit* consideration of "the factual summar[y]" in a prior appellate opinion. (*People v. Clements* (2022) 75 Cal.App.5th 276, 292 (*Clements*); accord, *People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9.) The evidentiary hearing here was held well after *Clements* was decided. Nevertheless, the trial court relied exclusively on the statement of facts in our prior opinion.

Vance argues that our opinion was not evidence at all. We disagree. It was *substantial* evidence; it simply was not *admissible* evidence.

As a general rule, if inadmissible evidence is admitted without objection, it is substantial evidence; the failure to object forfeits its inadmissibility. (Evid. Code, § 353, subd. (a).) Thus, for example, hearsay admitted without objection is substantial evidence sufficient to support a judgment. (*Gallagher v. Connell* (2004) 123 Cal.App.4th 1260, 1268.)

Categories of *logically relevant* evidence that nevertheless cannot be *substantial* evidence are rare. One example is that an expert's opinion on a question of law is not substantial evidence. (*Downer v. Bramet* (1984) 152 Cal.App.3d 837, 841.) Likewise, an expert's opinion that is based on speculation is not substantial evidence. (*People v. Ramon* (2009) 175 Cal.App.4th 843, 851.) And evidence of a prior oral agreement inconsistent with an integrated written contract is not substantial evidence. (*IIG Wireless,*

6

*Inc. v. Yi* (2018) 22 Cal.App.5th 630, 640.) Generally, these categories exist because, for some policy reason, we do not want the evidence to have any influence on the trier of fact's decision.

At an evidentiary hearing under section 1172.6, an appellate opinion summarizing the facts, as shown in the record, is logically relevant. Our research has not revealed any legislative history explaining why the Legislature chose to make such an opinion inadmissible as evidence of the factual background of the case. Presumably, however, it was because the record itself is better evidence. An appellate opinion necessarily must leave out at least some of the facts. It may set forth only those facts that are relevant to the particular issue(s) being raised on appeal, thus omitting facts that will become relevant later under section 1172.6. And it may inadvertently misstate a fact.

These are good reasons to make an appellate opinion inadmissible. However, they are not good reasons to preclude the trier of fact from considering an appellate opinion under any circumstances. For example, a petitioner who feels that an appellate opinion is accurate and complete may well prefer to offer it to the trial court, in lieu of the entire record, for convenience. Presumably that is why defense counsel did not object here.

We conclude that, when an appellate opinion is admitted at an evidentiary hearing under section 1172.6, without objection, it is substantial evidence that the trial court can consider. Vance forfeited any objection to such consideration. Moreover, because the opinion was substantial evidence, which simply should have been excluded as inadmissible, harmless error analysis applies. Vance cannot show that, if the opinion had

7

been excluded, he would have enjoyed a more favorable result. (See *People v. Watson* (1956) 46 Cal.2d 818, 836.) Presumably, in that event, the trial court would have considered the record of conviction; the prosecution had done everything it could to get it to take judicial notice of that record. Vance has never claimed that our opinion misrepresented or omitted any material part of the record. Hence, the error was harmless.

V

ERRONEOUSLY LOW BURDEN OF PROOF

Vance contends that the trial court applied an erroneously low burden of proof.

Section 1172.6, as originally enacted, provided that at an evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (Former § 1170.95, subd. (d)(3), Stats. 2018, ch. 1015, § 4, subd. (d)(3).)

Some courts took this to mean that the trial court had to deny the petition as long as there was substantial evidence to support the original jury's finding, beyond a reasonable doubt, that the petitioner was guilty of murder under current law. (E.g., *People v. Duke* (2020) 269 Cal.Rptr.3d 264, 272 (*Duke*), review granted, Jan. 13, 2021, S265309, cause transferred and ordered not citable, Nov. 23, 2021.)

Other courts held that the trial court had to grant the petition, unless it found, independently and beyond a reasonable doubt, that the petitioner was guilty of murder under current law. (E.g., *People v. Lopez* (2021) 271 Cal.Rptr.3d 170, 181–182, review

8

granted, Feb. 10, 2021, S265974, cause transferred and ordered not citable, Dec. 22, 2021.)

Section 1172.6 was amended, effective January 1, 2022, to resolve this dispute. (Stats. 2021, ch. 551, § 2.) It now provides: "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under current California law . . . . A finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3).)

Here, even though the evidentiary hearing was held in July 2022, the trial court applied the incorrect standard of proof. It denied the petition because it found *substantial evidence* that Vance was the actual killer. It also denied the petition, alternatively, because it found *substantial evidence* that he was a major participant and acted with reckless indifference. In fact, this was an even lower burden than the erroneously low *Duke* burden; the trial court asked only whether there was substantial evidence, not whether there was substantial evidence sufficient to convince a jury beyond a reasonable doubt.

Unhelpfully, Vance does not discuss the applicable harmless error standard. Rather, he argues that the error is reversible per se.

*People v. Garrison* (2021) 73 Cal.App.5th 735 (*Garrison*) held that the precise error here — applying the wrong burden of proof at an evidentiary hearing under section

9

1172.6 — is not reversible per se.  (*Id*. at pp. 745–747; accord, *People v. Garcia* (2022) 82 Cal.App.5th 956, 971-972.)  Vance tries to distinguish *Garrison* on the ground that there, the trial court used the wrong standard of proof, whereas here, the trial court supposedly used no standard of proof.  Not so.  In both cases, the error was using a substantial evidence standard.  (*Garrison*, *supra*, at p. 745.)  *Garrison* is squarely on point.

Vance argues that, because section 1172.6, subdivision (d)(3) refers to "the" evidentiary hearing, there can never be a second evidentiary hearing.  This argument is frivolous.  There are many references to "the trial" in the Penal Code (e.g., §§ 190.05, subd. (g), 190.4, subd. (a), 190.7, subd. (a)(2), 293.5, subd. (b), 656, 663), yet when a conviction is reversed, a retrial is not generally barred.  Rather, the controlling statute is section 1260, which, as relevant here, provides:  "The [appellate] court . . . may, if proper, order a new trial and may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances."

Vance also cites *People v. Keel* (2022) 84 Cal.App.5th 546.  There, the court found insufficient evidence to support the trial court's finding that the petitioner acted with reckless indifference (*id*. at pp. 556–563), so it remanded with directions to grant the petition.  (*Id*. at p. 565.)

In an appeal from a conviction, if the appellate court reversed based on insufficiency of the evidence, double jeopardy bars a retrial.  (*Burks v. United States* (1978) 437 U.S. 1, 18.)  Double jeopardy principles do not apply in section 1172.6

proceedings.  (*People v. Mitchell* (2022) 81 Cal.App.5th 575, 589.)  Nevertheless, we accept that, if the prosecution fails to introduce sufficient evidence at the evidentiary hearing, it is not allowed to keep trying again and again until it does.

In part IV, *ante*, however, we rejected Vance's contention that there was insufficient evidence to support the denial of the petition.  Tellingly, he does not argue that, *even if* the trial court was allowed to consider our prior appellate opinion, there *still* was insufficient evidence that he is guilty of murder under current law.  The trial court's only relevant error was in applying an erroneously low burden of proof.  Accordingly, this case falls squarely under the general rule that "[b]y seeking reversal of a judgment of conviction on appeal, '"in effect, [a petitioner] assents to all the consequences legitimately following such reversal, and consents to be tried anew."'  [Citations.]" (*People v. Eroshevich* (2014) 60 Cal.4th 583, 591.)

*Garrison* declined to decide whether the applicable harmless error standard is the federal constitutional "beyond a reasonable doubt" standard (see *Chapman v. California* (1967) 386 U.S. 18, 24) or the state law "reasonably probable" standard (see *People v. Watson*, *supra*, 46 Cal.2d at p. 836).  It seems clear, however, that the state law standard applies.  "A petition under . . . section [1172.6] is not a criminal prosecution.  [Citation.]" (*People v. Mitchell*, *supra*, 81 Cal.App.5th at p. 588.)  Vance has already been convicted of murder.  The Legislature, in an act of grace and mercy, has provided the section 1172.6 proceeding, which reduces guilt and punishment on terms that the Legislature is entitled to prescribe.  (See *People v. Conley* (2016) 63 Cal.4th 646, 656 ["the Legislature

. . . may choose to modify, limit, or entirely forbid the retroactive application of ameliorative criminal law amendments if it so chooses"].)

Under these circumstances, most of the federal constitutional protections that attend a criminal conviction do not apply. (*People v. Mitchell*, *supra*, 81 Cal.App.5th at p. 589 [no constitutional right against double jeopardy]; *People v. Myles* (2021) 69 Cal.App.5th 688, 703 [no constitutional right against self-incrimination]; *People v. James* (2021) 63 Cal.App.5th 604, 611 [no constitutional right to trial by jury]; see also *People v. Lewis*, *supra*, 11 Cal.5th at pp. 972–974 [no constitutional right to counsel; a due process right to counsel at the evidentiary stage but not at the prima facie stage]; but see *People v. Basler* (2022) 80 Cal.App.5th 46, 57–58 [section 1172.6 proceeding is a critical stage at which petitioner has a federal constitutional right to be personally present].)

This includes the requirement of proof beyond a reasonable doubt. The Legislature could have provided that the People's burden of proof is by a preponderance of the evidence; it could even have provided that a petitioner is not entitled to relief as long as there is substantial evidence of guilt under current law. Instead, it required proof beyond a reasonable doubt. However, this is merely a state statutory right; a violation of the right is subject to the state law harmless error standard.

We need not actually decide whether the error was harmless. Under the state law standard, Vance has the burden of showing prejudice. (*People v. Penunuri* (2018) 5 Cal.5th 126, 169; *People v. Hernandez* (2011) 51 Cal.4th 733, 746.) Instead, he has staked all of his chips on the proposition that reversal is automatic. He does not argue

12

that *even if* reversal is not automatic, the error was prejudicial. He has not so much as supplied us with a statement of facts, which we would need if we were going to consider prejudice. Even after the People argued that the error was harmless, Vance stuck to his strategy; he made no effort in his reply brief to show that the error was prejudicial. Finally, at oral argument, his appellate counsel conceded that, if harmless error analysis does apply, he cannot show prejudice. We conclude that Vance has forfeited any claim that the trial court's application of an erroneous burden of proof was prejudicial.

## VI

## DISPOSITION

The order appealed from is affirmed.

CERTIFIED FOR PUBLICATION

RAMIREZ

P. J.

We concur:

McKINSTER

J.

RAPHAEL

J.

13